IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHANEL R. IRVIN,  )
    Plaintiff,  )
    vs.  )  Civil Action No. 12-843
CAROLYN W. COLVIN,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
    Defendant.  )

AMBROSE, Senior District Judge

## OPINION
### and
### ORDER OF COURT

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10, 12 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Defendant's Motion for Summary Judgment (ECF No. 11), granting Plaintiff's Motion for Summary Judgment (ECF No. 9), and remanding for further proceedings.

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income benefits pursuant to the Social Security Act ("Act"). On March 30, 2010, Plaintiff filed an application alleging that her disability began on March 30, 2010. Administrative Law Judge ("ALJ") David G. Hatfield, held a hearing on March 21, 2011, during which time a vocational expert, George Starasta, appeared and testified. On April 28, 2011, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 15-25). After exhausting all of her administrative

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD AND SCOPE OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

2

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    DISCUSSION**

    1.    <u>Weight given to medical opinions of Plaintiff's treating physicians and consultative physician</u>

Plaintiff argues that there is no medical report indicating that Plaintiff was not disabled and as such the ALJ erred in substituting his own judgment for the uncontroverted medical opinions. (ECF No. 10, pp. 10-12). Specifically, her first argument is that the ALJ erred in not accepting the opinion of Dr. Campanella, her treating urologist, that Plaintiff was disabled from January 22, 2010 through December 31, 2010 and in failing to give his medical opinions the proper weight. (ECF No. 10, pp. 10-12). In opposition, the Commissioner argues that the ALJ is not required to accept a statement by a medical source that a patient is "disabled" as that determination is reserved for the ALJ. (ECF No. 12, p. 11). There is no doubt that this general

assertion by Defendant is correct. 20 C.F.R. 20 C.F.R. § 416.927(d)(1). It is not dispositive of the issue, however.

An ALJ does not need to accept the ultimate conclusion of disability from a medical professional, but he cannot ignore the medical evidence and opinions of that doctor or substitute his opinion over the medical evidence. If a treating physician's medical opinions and diagnoses are not inconsistent with other substantial evidence and are well-supported by medically acceptable clinical and laboratory diagnostic techniques, a treating physician's medical opinions and diagnoses are to be given controlling weight. 20 C.F.R. §416.927(c)(2). "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." *Id.* at §416.927(c)(2)(i). In explaining the weight given to a medical source, the ALJ must give "good reasons" for his/her determination. SSR 96-2p (under Explanation of the Weight Given to a Treating Source's Medical Opinion). Furthermore,

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

*Id.* (under When a Treating Source's Medical Opinion is not Entitled to Controlling Weight).

In this case, the ALJ gave Plaintiff's treating urological specialist, Dr. Campanella's, opinions "little weight" for two reasons. First, he gave Dr. Campanella's opinions little weight because Dr. Campanella expressed an opinion on the ultimate determination of disability. (ECF No. 6-2, pp. 9-10). As set forth above, that is not a reason to give the underlying medical opinions more or less weight. Additionally, the ALJ gave Dr. Campanella's opinions "little

4

weight" because the Plaintiff's "reported activities…indicate that her impairments do not rise to the level of being 'disabling." (ECF No. 6-2, p. 10).  As set forth above, an ALJ is to weigh the medical evidence giving due regard to the examining relationship, treatment relationship (length of the treatment relationship and frequency of examinations), supportability, consistency, specialization, and other factors.  20 C.F.R. §416.927.  The ALJ here did not do that.  He does not cite to one other piece of medical evidence that does not support Dr. Campanella's opinions.  As such, I agree with Plaintiff and find that the ALJ failed to properly weigh the opinions of Dr. Campanella.  Upon remand, the ALJ shall revisit the opinions of Dr. Campanella and weigh those opinions consistent with 20 C.F.R. §416.927.

Plaintiff next argues that the ALJ did not mention the notes of Dr. Razzak's report. (ECF No.10, p. 11.  After a review of the record, I disagree.  The ALJ did mention Dr. Razzak's report. (ECF No. 6-2, p. 21).  Thus, I find no error in this regard.

Plaintiff also complains that the ALJ failed to properly weigh the opinions of Dr. Houk, a state disability agency consultative psychologist.  The ALJ gave Dr. Houk's opinion little weight. (ECF No. 6-2, p. 23).  Based on a review of the record, however, I find that there is substantial evidence to support the ALJ's decision to give less weight to Dr. Houk's opinion.  *See*, ECF No. 6-15, pp. 59-62 and ECF No. 6-8, pp. 29-42.  Thus, I find no error in this regard.

Therefore, I am remanding this case for the ALJ to perform a proper analysis of Dr. Campanella's records and opinions.

 2. <u>Plaintiff's residual functional capacity ("RFC")</u>

Plaintiff argues that the ALJ erred in finding that she had the RFC to perform medium work because there is no evidence to support the same.  (ECF No. 10, pp. 12-18).  I agree.  To perform medium work, an individual must be able to engage in work involving lifting no more than 50 pounds with frequent lifting or carrying of objects up to 25 pounds.  20 C.F.R. §416.967.  Additionally, medium work "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm controls."  *Id.*  This record contains

5

no statements of physical capacities from any examining source. While a medical source statement of claimant's ability to perform work-related physical activities form was sent to Dr. Razzak, he declined to fill it out because, at the time, Plaintiff had seen Dr. Razzak only one time. ((ECF No. 6-8, pp. 25-26). This form was not sought/completed by any other doctor (Dr. Campanella or Dr. Leighton, Plaintiff's PCP) nor was it sent back to Dr. Razzak at a later date after he became her pain management treating physician. As a result, there is no medical opinion as to the amount or degree of lifting, carrying, standing, walking, sitting, pushing, pulling, postural activities, or other physical functions the Plaintiff can perform. The only assessment is Plaintiff's own self-assessment which does not rise to the level of medium work. *See,* ECF No. 6-6, pp. 17-24. Thus, I find there is not enough competent evidence of record for a determination of Plaintiff's physical RFC. *See generally Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir.2001) (because "a claimant's [RFC] is a medical question," ALJ must "consider at least some supporting evidence from a [medical] professional" in rendering his decision) (citations and internal quotations omitted); *Frankl v. Shalala,* 47 F.3d 935, 938 (8th Cir.1995) ("[a]bsent some medical evidence of [the claimant's] RFC at the time of the hearing, the Secretary could not meet [his] burden [of] ... demonstrat[ing] that [the claimant] was capable of performing the full range of light work"). Consequently, further development of the administrative record is required.

Accordingly, this case will be remanded for the development of medical evidence regarding Plaintiff's physical RFC as it relates to her interstitial cystitis. Once the additional medical evidence has been obtained, Plaintiff's disability determination should be revisited consistent with the findings above.

  3. <u>Testimony of the vocational expert</u>

Plaintiff argues that the ALJ improperly disregarded the testimony of the vocational expert and relied on an incomplete hypothetical question. (ECF No. 10, p. 18). Based on my ruling regarding Plaintiff's RFC, the ALJ may likely be required to conduct further examination of

a vocational expert. As a result, I decline to determine whether the ALJ improperly disregarded the testimony of the vocational expert at this time.

    4.    <u>Plaintiff's subjective complaints of pain</u>

Plaintiff's last argument is that the ALJ improperly evaluated and discredited her subjective complaints of pain. (ECF No. 10, pp. 18-20). I agree. In discrediting Plaintiff's testimony regarding subjective complaints of pain, the ALJ begins by citing to Dr. Razzak's declination to fill out the physical capacity form. (ECF No. 6-2, p. 24). He uses Dr. Razzak's declination as a strike against Plaintiff's credibility because he was "claimant's treating pain management specialist." (ECF No. 6-2, p. 24). I am baffled by this. To begin with, Dr. Razzak was not her treating physician at that point. She had only seen Dr. Razzak one time when he was asked to fill out the form. Thus, he was no more her treating specialist than a state agency reviewer or a consultative examiner.

Furthermore, Dr. Razzak simply declined to fill out the form for the stated reason that he only saw Plaintiff one time. Yet, somehow, the ALJ finds it "worth noting" when assessing Plaintiff's credibility. *Id.* Dr. Razzak's declination to fill out a form has no bearing one way or the other on Plaintiff's credibility. As a result, I find the ALJ's use of this declination in assessing Plaintiff's credibility as to her complaints of pain to be in error.

Then the ALJ states that "[t]here was also some question raised as to the claimant's credibility in notes from the hospital emergency room. (Exhibit 18F/8)." (ECF No. 6-2, p. 24). Exhibit 18F/8 provides a section under the heading "Notes," and states: "At discharge pt ambulated out of room without any difficulty but when she had to urinate she went in the room on the bedside commode because she said that her pain was too great to walk to the bathroom." (ECF No. 6-14, p. 9). Again, I am a bit baffled by the ALJ's willingness to ascribe this note to Plaintiff's credibility. The ALJ does not know the purpose of this note. It is very possible that this note was made for the purpose of noting the relief from pain that Plaintiff experienced upon discharge, especially since the chart indicates that Plaintiff was administered

7

various medications throughout her admission and prior to her departure. (ECF No. 6-14, p. 4). As a result, I find the ALJ's use of this note in assessing Plaintiff's credibility as to her complaints of pain to be in error.

The only other reason given for discrediting Plaintiff's credibility as to her complaints of pain is that "the claimant has not consistently followed her doctors' treatment advice. (Exhibit 20F/4, 17; 22F)." (ECF No. 6-2, p. 24). At Exhibit 20F/4, 17, Plaintiff was advised by Dr. Razzak to stop smoking (ECF No. 6-14, pp. 61, 74) which the Plaintiff has not done. Again, I am not sure how her failure to follow the advice to quit smoking affects her credibility. I have reviewed Exhibit 22F, however, I am unable to determine what advice Plaintiff has failed to follow. (ECF No. 6-15, pp. 12-19). Thus, I am unsure how this bears on Plaintiff's credibility. As a result, I find the ALJ's attempt to use the alleged failure to follow her doctors' treatment advice in assessing Plaintiff's credibility as to her complaints of pain to be in error. An "ALJ can reject plaintiff's subjective complaints on the basis that plaintiff is not credible, as long as the underlying reasoning for such a finding is explained and supported by the record." *Duncan v. Sullivan*, 786 F.Supp. 466, 470 (E.D.Pa. 1992). That was not done in this case. Therefore, on remand, the ALJ is ordered to revisit his assessment of Plaintiff's credibility as to her complaints of pain.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHANEL R. IRVIN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 12-843 |
| CAROLYN W. COLVIN,[2] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 18th day of June, 2013, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 9) is granted, Defendant's Motion for Summary Judgment (ECF No. 111) is denied, and this case is remanded forthwith for further administrative proceedings consistent with the foregoing Opinion.

                                        BY THE COURT:

                                        s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[2] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.